First National Bank of Miami, Appellant,
*v.* Bosler et al.

8

*Joseph P. McKeehan,* for motion.

*Caleb S. Brinton* and *Frederick J. Templeton,* contra.

PER CURIAM, May 1, 1929:

This is a suit on three promissory notes, of which plaintiff bank claimed to be the holder in due course, before maturity and for value. At trial, plaintiff put the notes in evidence and rested. They contained two separate provisions as to the payment of interest. Defendants moved for a nonsuit on the grounds that the interest provisions made the note nonnegotiable, and therefore the suit should have been brought in the name of the original payee to the plaintiff's use. This contention was sustained, with leave to amend the manner of bringing suit. Plaintiff, however, elected to stand on the record as made, and a nonsuit was entered. At argument of the motion to take off the nonsuit, defendant called attention to the fact of an alteration in the name of the payee, apparent on the face of each note, and contended that the absence of proof by plaintiff that such alteration was made before delivery and was not irregular was sufficient in itself to sustain the nonsuit.

Plaintiff has appealed from the refusal to take off the nonsuit, and defendants have moved to quash the appeal.

To sustain their motion, defendants rely principally on defects in the history of the case contained in appellant's brief. This history gives an attempted explanation of the substitution of the payee's name which does not appear of record, as is also the case with certain other facts stated. It does not state sufficient facts about the note or its pertinent contents to give the reader an intelligent grasp on the situation which confronted the court below, and which caused the present appeal.

The reasons advanced by defendant for the nonsuit, and the judge's ruling thereon, are not stated.

Rule 51 requires, among other things, "a closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with a reference in each instance to the page in the record where the evidence substantiating the fact relied on may be found." Plaintiff's history does not meet the substantive requirements of this rule.

The history of the case was designed primarily to show the ultimate facts which bring it before us on appeal, and this often makes necessary a brief mention of the legal questions to which these facts relate and the court's rulings thereon. In time, it was found that the history of the case frequently became so detailed that it failed to suggest the point or points at issue, and, to meet this situation, the rule requiring a "statement of questions involved" was promulgated. This additional section of the brief, however, was not intended to dwarf the history of the case, which, to have any value, should still give in plain words such facts developed below as are pertinent to the appeal. It must tell just what happened to bring the case before this court. Where, as here, the essential facts involve the pleadings, so much of their contents, and the rulings thereon, as is necessary to a quick understanding of the case, on appeal, should be given in outline; for, in such instances, the contents of the pleadings become the facts of the case. Of course, no facts may be printed which do not appear of record.

To aid the court, the rule also requires in each instance page references to the proofs supporting essential statements of fact. This is the only way in which the court may conveniently check the facts alleged. The present history contains no such references, but counsel state in their answer that this error has since been corrected.

Plaintiff contends that any facts not of record in its history of the case should be treated as surplusage, since such omitted facts can be supplied by defendants' counter-history; but where, as here, the facts in evidence are undisputed, counsel for appellant must give this court a brief, correct, and candid statement of all facts essential to an understanding of the questions on appeal; otherwise, his history of the case is of no help to us. The history in appellant's brief violates our rule to such an extent that the brief must be suppressed unless a new and adequate history is printed and inserted therein.

The other defects alleged in the motion to quash are either nonexistent or of no moment. The assignment of error does not contain two distinct specifications of error, for an appeal cannot be taken from the entry of a nonsuit, only from the refusal to remove it. The assignment is defective, however, because it quotes only the order of the court below in refusing to take off the nonsuit; whereas Rule 28 of this court requires that, "when the error alleged is the......refusal to grant a motion ......the assignment must quote verbatim the motion ......and the judgment of the court thereon." The first question involved raises one problem,—whether the notes sued on were negotiable. The remaining objections call for no discussion.

Unless plaintiff prints and files a properly stated history of the case and assignment of error on or before Wednesday, May 8, 1929, his appeal will be quashed.